UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Sandra D. Fleming-Brooks | ) | Chapter 13 Case No. 15-17263 |
| | ) | Judge Morgenstern-Clarren |
| Debtor | ) | |
| | ) | |

**MOTION TO VALUE COLLATERAL**
**(MORTGAGE OF PNC BANK)**

Now comes debtor Sandra D. Fleming-Brooks, by and through counsel, and hereby requests that this Honorable Court issue an order valuing the collateral of the mortgage held by PNC Bank (hereinafter referred to as "PNC"), Loan No. 70010045xxx, at $18,000.00. In support thereof, debtor submits the following:

1. Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on December 23, 2015.

2. At the time of filing, debtor owned certain real property located at 5809 Luther Ave., Cleveland, OH 44103, in Cuyahoga County, and more fully described on Exhibit A attached hereto and made a part hereof.

3. This real estate is debtor's investment property and is not used as her personal residence.

4. At the time of filing, the following encumbrance was held against debtor's real estate:

    a. First mortgage with PNC in the amount of $51,693.23.

5. Debtor's real estate has a fair market value of $17,000.00 according to the Broker's Price Opinion attached hereto as Exhibit B and made a part hereof as if fully rewritten.

6. There is insufficient equity in debtor's real estate to fully secure the claim on the first mortgage held by PNC.

7. Accordingly, the secured first mortgage of PNC should be valued at $17,000.00, with the remainder paid as unsecured debt. However, for purposes of settlement, debtor will agree to pay $18,000.00, plus 5.5% interest through her Chapter 13 plan.

This action is brought pursuant to 11 U.S.C §506, entitled "Determination of secured status." Section 506(a)(1) provides the valuation of collateral, and mandates that a creditor with a lien on property only has a secured claim to the extent of the value of such creditor's interest in the bankruptcy estate's interest in such property.

In this case, there is insufficient equity in debtor's property to fully secure the mortgage held by PNC. Furthermore, the cramdown and avoidance of a lien on debtor's property while in a Chapter 13 case can be accomplished without the necessity of an adversary proceeding. See *In re Sanders,* 202 B.R. 986, 988-91 (Bankr. D. Neb. 1996); *In re Vaillancourt,* 197 B.R. 464 (Bankr. M.D. Pa. 1996); and *In re Woodhouse,* 172 B.R. 1-3 (Bankr. D.R.I. 1994).

WHEREFORE, debtor respectfully requests that this Honorable Court issue an Order determining the value of the real property, determining that there is insufficient equity in debtor's real estate to fully secure the claim on the first mortgage held by PNC, determining that the remainder be paid as unsecured debt, and that upon completion of the Plan and the issuance of a discharge, the lien will be discharged.

*Respectfully submitted,*

*/s/ Renée Heller*
**Renée Heller** (#0062894)
*Attorney for Debtor*
*14077 Cedar Road, Suite 101*
*Cleveland, Ohio 44118*
*(216) 691-0404; (216) 291-2970*
*rhlegal@aol.com*

**CERTIFICATE OF SERVICE**

I certify that on the 4th day of April, 2016, a copy of the foregoing Motion was served by ordinary U.S. mail or electronically to the persons listed below:

Craig Shopneck, Chapter 13 Trustee
ch13shopneck@ch13cleve.com

Sandra D. Fleing-Brooks, debtor
381 W. Inverness, Cleveland, OH 44143

PNC Bank
c/o Jordan S. Blask, Esq.
1500 One PPG Place
Pittsburgh, PA 15222

/s/ Renée Heller
Renée Heller
*Attorney for Debtors*